UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EVAN R. FASSBENDER,

          Plaintiff,

v.

CARROLL UNIVERSITY,

          Defendant.

Case No. 23-CV-645-JPS

**ORDER**

On May 22, 2023, Plaintiff Evan Fassbender ("Plaintiff"), proceeding pro se, filed this action, alleging that Defendant Carroll University ("Defendant") discriminated against him in employment, ostensibly on the basis of his membership in a number of protected classes. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. This Order screens Plaintiff's complaint. For the reasons and on the terms stated below, the Court will dismiss this action and deny as moot Plaintiff's motion for leave to proceed without prepaying the filing fee.

The court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 F. App'x 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against

a defendant who is immune from such relief. *Id.* Additionally, if an administrative exhaustion requirement applies to the litigant's claims and "through ignorance of proper procedures a plaintiff jumps the gun, suing before he has exhausted his administrative remedies," the case "can be dismissed as premature, at least if the opposing party has not been harmed by the premature filing of the suit, and hence without prejudice." *Hill v. Potter*, 352 F.3d 1142, 1145–46 (7th Cir. 2003).

As noted above, Plaintiff alleges that Defendant discriminated against him in employment on the basis of (1) his race, color, gender, religion, and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) his age, in violation of the Age Discrimination in Employment Act ("ADEA"); and (3) his disability, in violation of the Americans with Disabilities Act ("ADA"), during the period from March 20, 2023 to May 17, 2023. ECF No. 1 at 3–4. Plaintiff also alleges that Defendant discriminated against him in violation of Title IX of the Education Amendments Act of 1972 ("Title IX"). *Id.* at 3.

Beyond these legal contentions, Plaintiff's complaint is sorely lacking any factual matter.[1] Plaintiff specifies that he has ADHD and believes he was discriminated against on the basis of that disability, but otherwise does not describe the nature of his membership in any of these protected classes (i.e., what his race, color, gender, religion, national origin, and age *are*). *See id.* at 4. Similarly, he indicates (by checking the appropriate boxes on the complaint form) that Defendant terminated his employment,

---

[1] In the field where Plaintiff may specify the facts of his case, he has instructed the Court to "see attached forms." ECF No. 1 at 4–5. However, after checking with the Clerk of Court, the Court has confirmed that Plaintiff's filings included no such attachment—the complaint form is all that the Court has to consider at this stage.

retaliated against him, imposed on him unequal terms and conditions of employment, and failed to accommodate his disability, *id.*, but otherwise does not discuss with any specificity what actions Defendant took that constituted discrimination.

The Court discerns several problems with this bare pleading. First, to succeed on a Title VII discrimination claim, a plaintiff must produce evidence proving "[1] [that] he is a member of a class protected by the statute, [2] that he has been the subject of some form of adverse employment action (or that he has been subjected to a hostile work environment), and [3] that the employer took this adverse action on account of the plaintiff's membership in the protected class." *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018). Similarly, "[t]o state a valid cause of action under the ADA a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the defendant knew of the disability; and (3) the defendant failed to reasonably accommodate her disability." *Basta v. Am. Hotel Reg. Co.*, 872 F. Supp. 2d 694, 708 (N.D. Ill. 2012) (citation and quotation marks omitted). The allegations in the complaint do not establish any of these elements. Plaintiff has not bothered to explain what of Defendant's acts constituted the alleged discrimination, which agent(s) of Defendant did those, or when those acts occurred. As such, Plaintiff's race, color, gender, religion, national origin, and disability discrimination claims under Title VII and the ADA presently fail to state a claim.

While amending the complaint may cure these deficiencies, at this time the Court believes it would be premature to assert or accept jurisdiction over the Title VII and ADA claims. "Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford*

*Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Similarly, "[a]n ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer." *Whitaker v. Milwaukee County, Wis.*, 772 F.3d 802, 812 (7th Cir. 2014) (citing 42 U.S.C. § 12117(a)). Plaintiff states in the complaint that he filed a charge with the EEOC on May 17, 2023 (the same day that he drafted and signed his complaint) and has not yet received a right to sue letter. ECF No. 1 at 5–6. It appears that this matter is currently pending before both the EEOC and this Court.

In these circumstances, it is not necessary to dedicate limited judicial time and resources to the Title VII and ADA claims alleged Plaintiff's complaint while the EEOC investigates them, nor is it necessary or proper to stay or otherwise hold Plaintiff's case in abeyance indefinitely. "If plaintiffs could sue before [receiving a right to sue letter], the time of the courts and of lawyers would be wasted with cases that ended up being resolved or abandoned at the administrative level." *Hill*, 352 F.3d at 1145. Plaintiff will have ample time to file this lawsuit upon receipt of any right to sue letter (indeed, he can use the intervening time to draft a more detailed set of factual allegations to submit with any renewed federal civil complaint). 42 U.S.C. § 2000e-5(f)(1) (providing that discrimination lawsuits must be filed by the aggrieved party within 90 days of receipt of the right to sue letter).

Plaintiff's putative Title IX claim will also be dismissed at this time. His theory appears to be that Defendant discriminated against him in employment and, because Defendant is an educational institution, it can be subject to Title IX liability. But in general, "employment discrimination claims under Title IX are preempted by Title VII . . . ." *Ludlow v. Northwestern Univ.*, 125 F. Supp. 3d 783, 790 (N.D. Ill. 2015); *see also Agbefe v. Bd. of Ed. of*

*City of Chi.*, 538 F. Supp. 3d 833, 840–41 (N.D. Ill. 2021) (distinguishing between discrimination in education and discrimination and employment and concluding that a plaintiff's claim that she was "subjected . . . to retaliation for opposing sex-based discrimination against *herself*, not against her students" sounded in Title VII rather than Title IX).

Plaintiff's complaint is, as already noted, short on facts that could clue the Court in to the exact nature of Plaintiff's putative Title IX claim and how it might be different than his Title VII claims. But given that Plaintiff seems to believe he has a distinct Title IX claim arising from the same set of operative facts as his Title VII claims, it would likely be most efficient for Plaintiff to bring any potential Title IX claim alongside the race, color, gender, religion, and/or national origin discrimination claims after the EEOC has had its chance to adjudicate those. *See Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212–13 (N.D. Ill. 1983) ("It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases."). The Court will accordingly dismiss the Title IX claim without prejudice. If Plaintiff brings a Title IX claim later, he should be prepared to explain how it is distinct from his Title VII claims.

Finally, Plaintiff's putative age discrimination claim will be dismissed with prejudice for failure to state a claim. Although the complaint does not allege Plaintiff's age, state court records indicate that he was born in 1991 and therefore is approximately 31 years old. *See* Waukesha County Circuit Court Case No. 2014FA000331, *available at*

https://wcca.wicourts.gov (last visited May 24, 2023).² Federal age discrimination law prohibits employers from engaging in discrimination "because of [an] individual's age," 29 U.S.C. § 623(a)(1), but the prohibition is "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a); *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) ("This language does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those who are 40 or older."). Plaintiff fails to plead this essential element of an age discrimination claim. Additionally, because public records show Plaintiff is under the age of 40, the Court can conclude that allowing Plaintiff to amend his complaint would be futile because—being outside the protected class— he can plead no set of facts that would state a plausible ADEA claim. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (allowing a court to decline to give leave to amend "[w]here it is clear that the defect cannot be corrected [and] amendment is futile"). The Court will dismiss the age discrimination claim with prejudice.

Because all of Plaintiff's claims will be dismissed as set forth above, the action will be dismissed. Plaintiff's motion to proceed without prepaying the filing fee, ECF No. 2, will be denied as moot. Should Plaintiff refile this lawsuit in the future, he may also renew his request to proceed in forma pauperis.

---

²As a general rule, "district courts are permitted to take judicial notice of public court documents[.]" *Carter v. Sturgeon*, No. 4:22-CV-46, 2022 WL 17324201, at *2 (N.D. Ind. Nov. 28, 2022); *see also* Fed. R. Evid. 201(b)–(d).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's ADEA claim be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's Title VII, ADA, and Title IX claims be and the same are hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.